GEORGE JOHNSON v. THE STATE.

No. 19010.   Delivered May 26, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Edgar Soule,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

*King C. Haynie,* of Houston, for appellant on motion for rehearing.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of fifty dollars and confinement in jail for four months.

Appellant has filed an application for a writ of certiorari. An inspection of the application discloses that the bills of exception and statement of facts appellant is seeking to have brought before this court were not approved by the trial judge and have never been filed in the court below. Manifestly, it would avail appellant nothing to grant the application.

In the absence of a statement of facts and bills of exception no question is presented for review.

The application for writ of certiorari is overruled and the judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant contends that in view of Art. 1, Sec. 10 of the Constitution of this State, he could not be proceeded against except upon an indictment. The section referred to reads in part as follows:

"And no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary," etc.

It is the appellant's position that where the offense may be punishable by both fine and imprisonment in jail the prosecution may only proceed upon an indictment. In the present case the trial was had in the county court upon information and complaint.

Apparently the appellant has overlooked the provisions of Art. 5, Sec. 17 of the Constitution in which it is expressly pro-

vided that prosecutions may be commenced in the county court "by information filed by the county attorney, or by affidavit, as may be provided by law." In the present case the complaint and information charged appellant with an aggravated assault, an offense of which the county court had jurisdiction. Under the statute, misdemeanors cognizable by the county court may be prosecuted upon complaint and information. Arts. 413 and 415, C. C. P., 1925. It is clear that these statutes were enacted under the constitutional authority reflected by the provisions of Sec. 17, supra.

The motion for rehearing is overruled.

*Overruled.*