FRED STANSBURY, G. SCHILL, S. M. WILLIS AND H. B. CHAMBERLIN V. THE STATE.

No. 19196.   Appeal Dismissed (as to Appellant H. B. Chamberlin)
October 13, 1937.
Opinion Delivered November 17, 1937.
Rehearing Denied (Without Written Opinion) December 22, 1937.

*H. B. Chamberlin's* appeal was ordered dismissed, upon his request, and the other judgments of conviction affirmed.

The opinion states the case.

*H. J. Bernard, B. L. Palmer,* and *King C. Haynie,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is bookmaking; penalty assessed at a fine of $200.00 and confinement in the county jail for thirty days.

Since the filing of the transcript in this case, the appellant, H. B. Chamberlin, has filed a written motion, duly verified, requesting the withdrawal of his appeal.

The request is granted and the appeal is ordered dismissed.

As to the other appellants mentioned, their cases will be set for hearing at a future date.

*Appeal dismissed as to H. B. Chamberlin.*

CHRISTIAN, JUDGE.—The offense is bookmaking; the punishment, a fine of two hundred dollars and thirty days in jail.

The prosecution proceeded under Art. 648, P. C., which reads as follows:

"No person or any agent of any association of persons or corporation, at any place in this State, by pool selling or bookmaking or by means of telegraph, telephone or otherwise, shall aid or assist any other person in wagering, betting or placing a bet or in offering to wager, bet or place a bet of anything of value on any horse race to be run, trotted, or paced at any place in this State or elsewhere."

Pending the appeal herein, Senate Bill No. 2, enacted by the 45th Legislature, First Called Session, became effective. Said bill redefines the offense of bookmaking and provides that one violating its provisions shall be punished by confinement in the penitentiary for not less than one nor more than five years, or by confinement in the county jail for not less than ten days nor more than one year, and by a fine of not less than one hundred dollars nor more than one thousand dollars. The penalty for a violation of the provisions of Art. 648, supra, was fixed at a fine of not less than two hundred dollars nor more than five hundred dollars, and imprisonment in jail not less than thirty days nor more than ninety days. See Art. 650, P. C.

It is appellants' contention that they are entitled to have the judgment reversed and the prosecution ordered dismissed

for the reason that the law under which they were convicted has been repealed. We are not in accord with this contention. It is true that Art. 14, P. C., provides that where a repealing statute substitutes no other penalty, all persons are exempt from punishment who may have violated the repealed law, unless it is otherwise declared in the repealing statute. However, Art. 15, P. C., provides that when, by the provisions of the repealing statute, a new penalty is substituted for an offense punishable under the law repealed, such repealing statute shall not exempt from punishment persons who have offended against the repealed law while it was in force. See also Art. 13, P. C. Again, Art. 16, P. C., reads as follows: "If an offense be defined by one law and by a subsequent law the definition of the offense is changed, no such change shall take effect as to the offenses already committed; but one accused of violating the first law shall be tried under that law." Senate Bill No. 2, supra, carries forward the elements constituting the offense denounced by Art. 648, supra, and substitutes a new penalty. Hence, under the provisions of Arts. 15 and 16, supra, appellants are amenable to prosecution under the old law. Cook v. State, 71 Texas Crim. Rep., 532.

At the time of appellants' conviction there was in effect the certificate system of betting on horse races within enclosures where the races were run. See Vernon's Ann. P. C. of Texas, 1937, Cumulative Annual Pocket Part for Volume 1, Arts. 655a and 655b. Under the provisions of said last mentioned act a license was required for the operation of the certificate system.

It is appellants' contention that the exemption from the operation of Art. 648, supra, of betting under said certificate system was not warranted as no reasonable or logical basis existed for the classification by the Legislature of race-track betting. A similar situation was presented in Commonwealth v. Kentucky Jockey Club, 38 S. W. (2d) 987. We quote from said opinion, as follows:

"Enough has been said to demonstrate that the authorities cited by the commonwealth do not support the argument that no reasonable or logical basis existed for the classification by the Legislature of race-track betting. The difference between betting at a horse race within an inclosure when the races are being run and other forms of betting is palpable. The choice exercised by the General Assembly may have been an unwise one, but its power to make the choice is undoubted. The remedy must be sought where the power resides, and that is with the General Assembly of the state. The Constitution contains no

provision to prevent the Legislature from dealing with the subject in its own way and according to its own view of public policy. The courts are not authorized to usurp the powers conferred upon another branch of the government, and, when the Legislature finds that the facts warrant a classification, and it has relation to the purpose of the law, is supported by a reasonable distinction, and operates uniformly upon all within the class, the legislation is valid. Billings v. Illinois, 188 U. S. 97, 23 S. Ct. 272, 47 L. Ed. 400; Tanner v. Little, 240 U. S. 369, 36 S. Ct. 379, 60 L. Ed. 691; St. John v. N. Y., 201 U. S. 633, 26 S. Ct. 554, 50 L. Ed. 896, 5 Ann. Cas. 909; Atchison T. & S. F. Co. v. Matthews, 174 U. S. 96, 19 S. Ct. 609, 43 L. Ed. 909; Patsone v. Penn., 232 U. S. 138, 34 S. Ct. 281, 58 L. Ed. 539; Halter v. Nebraska, 205 U. S. 34, 27 S. Ct. 419, 51 L. Ed. 696, 10 Ann. Cas. 525.

"The General Assembly need not make its regulations all-comprehensive, and it is not required to extend them to every possible case within their reach; but, in dealing with practical exigencies, it may be guided by experience. Miller v. Wilson 236 U. S. 373, 35 S. Ct. 342, 59 L. Ed. 628, L. R. A. 1915F, 829; Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917 F, 514, Ann. Cas. 1917C, 643; Dominion Hotel v. Arizona, 249 U. S. 265, 39 S. Ct. 273, 63 L. Ed. 597.

"All that is required in such cases is that the law shall operate alike upon all persons and property similarly situated, and be effective everywhere where like circumstances and conditions may be found. Maxwell v. Bugbee, 250 U. S. 525, 40 S. Ct. 2, 63 L. Ed., 1124; Walston v. Nevin, 128 U. S. 578, 9 S. Ct. 192, 32 L. Ed. 544; Southern R. Co. v. Greene, 216 U. S. 400, 30 S. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247; German Alliance Ins. Co. v. Hale, 219 U. S. 307, 31 S. Ct. 246, 55 L. Ed. 229; Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 923; Buck v. Bell, 274 U. S. 200, 47 S. Ct. 584, 71 L. Ed. 1000.

"Coming to consider the state of the law on the concrete question now under consideration, we find that text-writers and courts without exception acknowledge the right and power of the Legislature to exempt from the operation of statutes designed to suppress gaming designated places on described occasions, as will be seen from the text 27 C. J. 1004, sec. 151, and following ones, and in 12 R. C. L. 724, sec. 24, and following ones. The general statements on the subject as contained in the first reference are: 'In a number of jurisdictions the statutes either prohibit gaming in particular places, or on the other hand, provide that persons gaming at a particular place,

such as a private residence, shall be exempted from prosecution under the statutes against gaming. * * * In some jurisdictions there are statutes prohibiting playing or betting in: Houses or places where spirituous or intoxicating liquors are retailed, sold, or given away; taverns, inns, hotels, or restaurants; "outhouses where people resort," gaming houses; highways; pool rooms, and race fields. Gaming in a public place, place of public resort, or public house, is also frequently prohibited.' "

Appellants contend that in view of Art. 1, sec. 10 of the Constitution of this State, they cannot be proceeded against except upon an indictment. This contention cannot be sustained. The offense for which appellants were convicted was a misdemeanor. See Johnson v. State, 106 S. W. (2d) 297.

Heretofore H. B. Chamberlin, one of the appellants herein, filed a written motion, duly verified by his affidavit, requesting the withdrawal of his appeal. The request was granted and the appeal ordered dismissed in an opinion delivered October 13, 1937.

The judgments of conviction of the appellants Fred Stansbury, G. Schill and S. M. Willis are affirmed.

*Judgments affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In their motion for rehearing appellants insist that the information and complaint are bad because of the absence of an averment that they were not licensed under the certificate system of horse racing allowable at the time of the act complained of under Art. 655a, Vernon's Ann. Tex. P. C., Vol. 1, (supplement); Acts 1933, 43rd Leg., 1st C. S., page 32, Ch. 10.

We are not impressed that the suggestion is meritorious. Much has been written upon the subject of when the necessity arises for negativing exceptions in charging an offense, and it may be admitted that some confusion and conflicts are found in the decisions. The last time we had occasion to consider the question at length was in the case of Baker v. State, 106 S. W. (2d) 308, in which many cases were reviewed. If appellants

416

were the holders of a license under the "certificate system" and the act complained of was one under such plan and done at a place allowed thereunder, it would have been a defense to the present prosecution, but we see no necessity for such negative averments in the information and complaint as contended for by appellants.

The motion for rehearing is overruled.

*Overruled.*