# MARCH 30, 1938

## MERVIN ASH V. THE STATE.

No. 19294.   Delivered January 19, 1938.
Rehearing denied March 30, 1938.

The opinion states the case.

*Polk Shelton* and *Wright Stubbs,* both of Austin, and *King C. Haynie,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of bookmaking, pool selling, and taking a bet on a horse race and his punishment was assessed at a fine of $200 and confinement in the county jail for a period of thirty days.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information, which, omitting the formal parts, reads as follows:

That on or about the 13th day of January, A. D. 1937, one Mervin Ash did in Travis County, Texas, unlawfully engage and assist in pool selling, bookmaking, and taking and accepting a bet on a horse race, which was then and there to be run on the 13th day of January, A. D. 1937, at Alamo Downs in the County of Bexar and the State of Texas, contrary to the statute, etc.

Appellant takes the position that the information is duplicitous in that it charges in one count, three separate and distinct offenses. We can not agree with him in this contention. Pool selling, bookmaking and the taking of a bet on a horse race all and each embrace the essential elements of a game of chance and under the statutes are but different ways and means by which the offense of gaming may be committed.

In all cases where the offense charged is a misdemeanor, the information may charge the offense to have been committed in all the ways named in the statute. See Ray v. State, 71 Texas Crim. Rep. 268; Blackwell v. State, 92 Texas Crim. Rep. 473; Willis v. State, 34 Texas Crim. Rep. 148; Stevens v. State, 70 Texas Crim. Rep. 565; Prendergast v. State, 41 Texas Crim. Rep. 358; Travinio v. State, 92 Texas Crim. Rep. 140.

Appellant's next contention is that the complaint and information failed to negative the fact that the act complained

of was not committed under the certificate system of betting, which at the time was legal under Article 655a, Penal Code.

An indictment or information need not negative an exception unless the same is contained in the act which creates the offense. See Kerley v. State, 230 S. W. 163; Brown v. State, 257 S. W. 891.

Moreover, subsection two, Article 655a, among other things contains the following provisions: "The certificate system as herein authorized, shall not be construed as either pool selling, betting, or bookmaking within the meaning of Articles 645, 647, and 648 of the Penal Code of the State of Texas, Title 2, Chapter 6, according to the 1925 revision."

Subsection three of said Article provides that "The use of such system shall not be permitted at any other place than within the enclosure stated in the license," etc.

Therefore it was not necessary in the charging part of the information to negative the provision relating to the certificate system of betting under said Article.

Appellant's next complaint is that the court erred in declining to instruct the jury on the law of circumstantial evidence and also in declining to submit appellant's requested instruction relative thereto. If the case depended entirely upon circumstantial evidence, then the appellant's contention would be correct. The proof shows, however, that appellant had leased the room in which the alleged pool selling, bookmaking, and betting was conducted; that he had several persons employed in the conduct of said business. Jesse Wright testified that he was working for the appellant at the Turf at the time the officers raided the place; that his duties were the taking of bets and delivering of tickets to people who made bets, for which services the appellant paid him a salary of $25 per week. Mr. Waggoner testified as to the paraphernalia that he found in the room, such as loudspeaker, telephone, cash register, score board, and the returns of the races which came in over the loudspeaker. Hence, it is apparent that there was direct and positive testimony that appellant was engaged in the business of pool selling, bookmaking, and taking bets on a horse race to be run in this State or elsewhere. Therefore, the State's case did not depend entirely upon circumstantial evidence. See Clore v. State, 26 Texas Crim. Rep. 624; Sellers v. State, 61 Texas Crim. Rep. 140.

The matters complained of in bill of exception number three have been thoroughly considered by us and deemed to be without merit.

Appellant next contends that Article 655a, Penal Code, by implication repeals Articles 647 and 648, Penal Code. We can not agree with him for two reasons. First, because repeal of statutes by implication is not favored by the law; second, because subsection two of Article 655a, specifically provides that the certificate system as therein authorized shall not be construed as either pool selling, betting, or bookmaking within the meaning of Articles 647 and 648, of the Penal Code of this State. This clearly indicates that the Legislature did not intend to repeal said articles, but intended that the same should remain in full force and effect.

Appellant also contends that since Article 655a exempts persons, associations, etc., from the operation of 647 and 648, it is discriminatory and therefore the last named articles are unconstitutional. We find ourselves unable to agree with him. If it should be held that Article 655a is discriminatory and therefore unconstitutional, it could not, in our opinion, be successfully maintained that by reason thereof, Articles 647 and 648, P. C., are also unconstitutional. Article 655a does not, however, discriminate against any person. It only requires that persons who seek to engage in the certificate system shall comply with the provisions of the said article by obtaining a license to engage therein at certain places only. We take it that it will not be seriously contended that the State, under its police power, not only has the right to prohibit acts denounced by Articles 647 and 648, but also to regulate the same and confine activities thereunder to specified places.

For example, persons playing cards in *public places* are subject to prosecution under our Penal Code, but persons who play in a *private residence* are exempt under certain conditions. See Article 615, Penal Code. Other instances might be cited to illustrate the correctness of our position. See Stanberry et al. v. State, No. 19196, delivered November 17, 1937, and not yet reported [133 Texas Crim. Rep. 411].

All other matters complained of have been carefully considered by us and found to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant was prosecuted under Article 647, P. C. (1925), which reads:

"No person, or any agent of any association of persons or any corporation, shall at any place in this State, engage or assist in pool selling or bookmaking on any horse race or by means of any pool selling or bookmaking, take or accept any bet or aid any other person in betting or taking or accepting any bet upon any horse race to be run, trotted or paced in this State."

The penalty fixed by Article 650 was a fine of not less than two hundred nor more than five hundred dollars, and imprisonment in jail not less than thirty nor more than ninety days.

It was charged that appellant offended against said law on or about the 13th day of January, 1937. He was tried and convicted on the 20th day of April, 1937.

The First Called Session of the 45th Legislature, by Senate Bill No. 2 enacted the following statute:

"Any person who takes or accepts or places for another a bet or wager of money or any thing of value on a horse race, dog race, automobile race, motorcycle race or any other race of any kind whatsoever, football game, baseball game, athletic contest or sports event of whatsoever kind or character; or any person who offers to· take or accept or place for another any such bet or wager; or any person who as an agent, servant or employee or otherwise, aids or encourages another to take or accept or place any such bet or wager; or any person who directly or indirectly authorizes, aids or encourages any agent, servant or employee or other person to take or accept or place or transmit any such bet or wager shall be guilty of bookmaking and upon conviction be punished by confinement in the State Penitentiary for any term of years not less than one (1) nor more than five (5) or by confinement in the county jail for not less than ten (10) days nor more than one (1) year and by a fine of not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars."

Article 647, P. C., was not expressly repealed in said last enactment, but it was provided in Section 11 thereof as follows: "The provisions of this Act shall be cumulative of all other existing articles of the Penal Code upon the same subject and in the event of a conflict between existing articles and the provisions of this Act then and in that event the provisions, offenses and punishments set forth herein shall prevail over such existing articles."

The Acts of the First Called Session, 45th Legislature, became effective on the 25th day of June, 1937, which was after appellant's conviction.

Appellant takes the position that while said Act of the 45th Legislature does not in terms repeal Article 647, P. C., it necessarily has that effect, and therefore insists that we must hold that the prosecution and conviction of appellant under said article must fall although the new law became effective after appellant's conviction. If it should be necessary to hold that the new enactment superseded said Article 647 and the new law carried no penalty there would be no doubt of the soundness of appellant's position. But the new law denounces the very same acts covered by Article 647, as well as others, and a more severe penalty is fixed. We here copy Articles 13, 14, 15 and 16, P. C., emphasizing those portions thought pertinent.

"Article 13. * * * When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such *second* law shall *not* be inflicted for an offense committed *before* the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

"Article 14. * * * The *repeal* of a law where the *repealing statute substitutes no other penalty* will exempt from punishment all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute."

"Article 15. * * * When by the provisions of a repealing statute a *new penalty* is substituted for an offense punishable under the law repealed, such *repealing statute* shall *not* exempt from punishment a person who has offended against the repealing law while it was in force, but in such case the rule prescribed in Article 13 shall govern."

"Article 16. * * * If an offense be defined by one law and by a subsequent law the definition of the offense is changed, no such change shall take effect as to the offenses already committed; but one accused of violating the first law shall be tried under that law."

For construction of said articles which we think are applicable here, and against appellant's contention, see Cook v. State,

160 S. W. 465; Moore v. State, 112 S. W. (2d) 194; Fox v. State, 127 Texas Crim. Rep. 22, 74 S. W. (2d) 655.

If we were dealing with a prosecution for an offense committed after the Act of the 45th Legislature, 1st C. S., became effective then we would have a similar question to that involved in Robertson v. State, 159 S. W. 713, which is relied on by appellant to support his position. There the codifiers carried forward conflicting—or apparently conflicting—provisions of the Penal Code, and the question there arose as to whether either was enforceable, and whether if one Act repealed another it did not also in effect re-enact the one claimed to have been repealed. We have no such question now before us and can not have until some case is brought before us where the offense was committed since the new law (Acts 45th Legislature, 1st C. S.) became effective.

The same question was also discussed in Fleeks v. State, 47 Texas Crim. Rep. 327. If it should be necessary to hold that the new act in effect repealed Article 647, P. C., it would not result in a failure of the present prosecution because the "repealing statute" substitutes a new penalty, and Article 15, P. C., becomes operative and not Article 14, P. C., which has application only in the event the "repealing statute" substitutes no other penalty.

One of appellant's contentions is that he can not be proceeded against except by indictment. He concedes that if the punishment prescribed be a fine *or* imprisonment in the county jail the prosecution may be by complaint and information, but if the prescribed punishment be by fine *and* imprisonment in the county jail appellant concedes that the county court has jurisdiction, but he insists that the prosecution must be under an indictment. The holding of this Court is against appellant, and we do not feel called upon to further discuss the question. See Johnson v. State, 106 S. W. (2d) 297; Stansbury v. State, 111 S. W. (2d) 717.

Believing appellant was amenable under the provisions of Article 647, P. C., and that same was in effect when the offense was committed and conviction had, and that said conviction was in no way affected by the enactment of the 45th Legislature, 1st C. S., appellant's motion for rehearing is overruled.