CHARLES SPANGLER v. THE STATE.

No. 19626.   Delivered April 6, 1938.
Rehearing denied May 18, 1938.
Application for leave to file second motion for rehearing denied June 1, 1938.

The opinion states the case.

*Bailey P. Loftin,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing marijuana, punishment being one year in the penitentiary.

The evidence shows that if appellant was in possession of marijuana it was on the 28th day of April, 1937. He was tried and convicted on the 14th day of September, 1937.

The law in force at the time of the commission of the alleged offense was enacted by the 43d Legislature, page 609, Chapter 204, and found in Volume 2, Vernon's Ann. Texas P. C. as Article 725a. The punishment fixed by said law for the possession of marijuana—for a first offense—was by fine not exceeding two thousand dollars, or by imprisonment in the penitentiary for not more than five years, or by both such fine and imprisonment.

In 1937 the 45th Legislature, by House Bill No. 440, passed the Uniform Narcotic Drug Act, expressly repealing the heretofore mentioned Act of the 43d Legislature, which repealing act became effective on the 20th day of August, 1937, which was before appellant was convicted.

Appellant urges that the act for which he was convicted was a misdemeanor offense under the law in force when it was committed. We have examined the Act of the 43d Legislature and fail to find therein where said offense is denominated as a misdemeanor. Appellant appears to rely on Section 17 for support of his contention. Said section reads as follows:

"Every person who visits or resorts to any place described in the foregoing Section for the purpose of using, smoking or in any way taking habit-forming drugs as defined in this Act, shall, upon conviction, be guilty of a misdemeanor and shall be penalized according to the provisions of Section 8 of this Act."

Appellant was not prosecuted under Section 17, but under Section 1, Art. 725a, subdivision (b), which made it a felony to possess marijuana. The Uniform Narcotic Drug Act (45th Legislature) having expressly repealed the Act of the 43d Legislature would have resulted in exempting appellant from punishment for the offense committed while said Act of the 43d Legislature was in effect had the Act of the 45th Legislature

substituted no other penalty for said offense. (See Article 14, P. C.) But the Act of the 45th Legislature was substituted for the Act of the 43d Legislature, and still made the possession of marijuana a felony offense and substituted a more severe punishment, that of confinement in the penitentiary for not less than two nor more than ten years, (See Article 15, P. C.) hence appellant was properly tried under the law which was in effect when the offense was committed. See Articles 13 and 15, P. C., and Mervin Ash v. State, No. 19294, opinion on rehearing March 30, 1938 [134 Texas Crim. Rep. 208].

Finding no errors in the record the judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant contends that this Court was in error in its original opinion herein in holding that this herein denounced offense came under the classification of a felony rather than a misdemeanor. He contends that the facts bear out his contention that the appellant's acts show him to have been guilty of an infraction of Article 725a, Section 8, Vernon's Penal Code, rather than Article 725a, Section 1(b).

Article 725a, Section 8, reads in part as follows: "It shall be unlawful for any person to use, take or administer to himself, or cause to be administered to himself, or administer to any other person or cause to be administered to any other person, any of the aforesaid drugs, except under the advice and direction, and with the consent of, a licensed and practicing physician or dentist, * * * and, the use, in any manner, of any of the aforesaid drugs by any person for the satisfaction of his craving therefor is prohibited."

It is our construction of the above quoted portion of such statute that same only covers the use of such narcotics by the user, or the administration of such drugs to another, and that such use is denounced as a misdemeanor under such statute.

Section 1(b) of such statute reads in part as follows: "It shall be unlawful for any person to possess, have under his control, or deal in, dispense, sell, deliver, transport, distribute, prescribe, traffic in, or give away any narcotic drug," a violation of this section being punished as a felony.

We note that the appellant was not charged in the indictment with *using* or administering to another a narcotic drug, but instead he was charged with unlawfully *possessing* mari-

juana. The testimony sustains the allegation of the possession of this narcotic drug, which possession is punished by a fine, or imprisonment for not more than five years in the penitentiary for the first offense. Appellant's punishment comes within the statute, and we can see no error in his conviction for having such narcotic drug in his possession.

We think this case has been properly disposed of originally, and the motion for a rehearing will therefore be overruled.

### ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seeks in said second motion to attack a qualification to one of his bills of exception. He avers that the trial court placed the qualification on the bill without appellant's knowledge until his attorney discovered it when in Austin, which we assume was at the time the case was originally submitted on March 30, 1938. No such complaint as is now sought to be presented was urged upon original submission. The case was decided on April 6, 1938, and appellant's motion for rehearing was filed on April 21, 1938. No mention was made in said motion of the matter now sought to be raised for the first time in a second motion for rehearing.

In orderly procedure and reasonably prompt disposition of cases on our docket we can not permit the record to be attacked after such long delay.

The request for leave to file second motion for rehearing is denied.