### GEORGE W. TADLOCK V. THE STATE.

No. 20811. Delivered February 14, 1940.
Appellant's Motion for Rehearing Granted April 3, 1940.
State's Motion for Rehearing Denied May 15, 1940.

318

The opinion states the case.

*John N. Gauntt,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by indictment in Gregg County with the offense of swindling, it being alleged that he gave a check to the R. Lacy Refinery for $114.15 on The Citizens National Bank of Waco, Texas, in exchange for 1245 gallons of gasoline at a time when he did not have sufficient funds to cover said check, all of which was known to him. The jury found him guilty and assessed his punishment at two years in the penitentiary.

Appellant presents three bills of exception approved by the court; also a bystanders' bill and a bill prepared by the court, all of which will be given consideration as hereinafter indicated.

A bill of exception complains of the ruling of the court in permitting the witness, A. S. Robertson, to testify to various other checks given by the defendant to the Lacy Refinery. The checks, it is also said, were introduced but the bill fails to show that these checks in any way affected the case. It is not disclosed whether they were good checks and paid promptly or not, and we are unable to determine from the bill what, if any, harm resulted to the appellant by reason of the action of the court.

By Bill of Exception No. 2 complaint is made of the action of the court in permitting Raymond Ford to identify various checks given by the defendant to the Lacy Refinery. The bill contains the same objection to the checks as that complained of in Bill of Exception No. 1, and likewise Bill No. 2 is sub-

ject to the same fatal defect as that pointed out in Bill of Exception No. 1. Because no error is presented in the bills, both are overruled.

By the Bystanders' Bill which we find in the record complaint is made that the court permitted the State to ask the defendant, over his objection, if it is not a fact that he had also given the Hurricane Oil & Refinery Company of Arp, Texas, three checks on March 6, 7, and 8, in an amount exceeding $300.00, to which he answered that he did not know, that he had not had his book balanced since that time, that he couldn't tell what he had out, and he didn't know how many checks he had given the Lacy Refinery. Complaint is further made that thereafter the three checks were presented and handed to the appellant's attorney while he was arguing the case to the jury. The bill further states that appellant's counsel at that time appealed to the court for the court reporter in order that he might dictate his objections and exceptions to said reporter but that the reporter was absent and the court promised him that he could have a full bill. It is further stated that appellant was not recalled to the witness-stand for the purpose of identifying the checks and that he, at no time, identified them. It is also further presented in the bill that State's attorney said to the jury: "Gentlemen, here is three more hot checks given by the defendant to the Hurricane Oil & Refinery Co., of Arp, Smith County, Texas. Gentlemen, you saw how quick defendant's counsel dropped these checks; no wonder gentlemen, defendant's counsel didn't discuss these three checks; they are hot checks, gentlemen, just like all of the rest of these checks. It is just further evidence of his scheme to get all he could on these hot checks."

As a part of this bill, appellant has attached the affidavits of three parties saying that they were in the court room; that they are citizens of the State of Texas, and that the bill truly presents the facts as they really transpired.

This bill is fatally defective. In the first place, it is duplicitous in its complaint of the errors committed, and we are not able to understand from a very careful consideration of it whether appellant means to complain about the question asked the witness, the introduction of the checks, or the argument of the prosecuting attorney. In the abstract, we see no relevancy in the question asked by the State's attorney which seem to give rise to the evidence and the argument. The answer of the appellant presents nothing that is harmful to him, and the

question is not harmful per se. We have no information about the checks and are unable to determine that they are harmful. The argument of counsel might, under some circumstances, be error requiring a reversal of the case, but the court will not reverse a case upon the mere statement unless some character of harm is shown.

If we give consideration to the court's bill, we find enough light thrown on the subject to justify consideration of the bystanders' bill with probable error appearing. If we consider this bill, however, we must give it full effect, and the explanation of the occurrence justifies the argument. We cannot disregard the court's bill and at the same time use it to complete the bystanders' bill to cure the defects in it. Consequently, we overrule the appellant's bystanders' bill.

By Bill of Exception No. 4 complaint is made of the failure of the court to charge the jury that E. J. Mangrum, appellant's agent, had delivered the checks in question and was an accomplice as a matter of law, because the witness testified that he knew the financial condition of appellant was bad, and that the witness, on many occasions, had to assist defendant in various ways in protecting his checks between the time the witness presented such checks to the Refinery and the time that they would reach the bank on which they were drawn. The bill does not point out evidence which would make the witness Mangrum an accomplice, and require the charge requested. The fact that he knew defendant was at times in hard financial circumstances and the fact that he had helped him to protect his checks were not sufficient to show a knowledge on the part of the witness that appellant did not have the money to cover this check at the time it was delivered. The bill of exception is overruled

By House Bill No. 190 of the 46th Legislature, Chapter 17, Volume 1, page 246, General Laws, a new act was passed covering the subject of swindling by bad checks. Section 7 of said act, in specific language, repeals Section 4 of Article 1546 of the Penal Code. That is the article under which the present prosecution is had. The question has been raised as to whether or not the repeal of that section by the new act subsequent to the commission of the offense would bar the prosecution.

The offense under consideration is alleged to have occurred in February, 1939, and was tried at the July term of court in 1939. The 46th Legislature adjourned on June 21, 1939, and

said House Bill No. 190 did not become effective until 90 days after adjournment.

Article 1546 P. C. was in effect at the time of the alleged commission of the offense and at the time of the trial. Of course, if Art. 1546, P. C., had been repealed, and the act therein denounced was no longer an offense, this prosecution would be ended, but the 46th Legislature (House Bill No. 190), while repealing Art. 1546, P. C., also re-enacted a statute which made offenses the same acts which had theretofore been denounced as such in Art. 1546. The penalty was also increased. Under the circumstances stated, Arts. 13, 14, 15 and 16 of the Penal Code are operative. They are construed and given effect in Ash v. State, 134 Tex. Cr. R. 208, 114 S. W. (2d) 889, and the cases therein cited, and also in Spangler v. State, 135 Tex. Cr. R. 36, 117 S. W. (2d) 63; Stansbury et al v. State, 111 S. W. (2d) 717.

It is not to be understood that we are here construing or passing on the Constitutionality of the Act of the 46th Legislature in question. The extent of our holding is that under Arts. 13 to 16, inclusive, of the Penal Code, said Act does not affect the present prosecution.

It is therefore our conclusion that prosecution will lie for offenses committed prior to September 21, 1939. Further than this, it is sufficient to say that the present case does not raise any question as to the constitutionality of the re-enactment above referred to as House Bill No. 190, Acts of the 46th Legislature.

No error appearing, the case is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that we were in error in disposing of his bystanders' bill of exception.

The record reveals that the trial judge declined to approve appellant's bill, and appellant declined to accept a proposed qualification, whereupon the court prepared his own bill. Appellant then prepared and filed his bystanders' bill.

Art. 667 C. C. P. (1925) provides that "the rules prescribed in civil suits" for preparing bills of exception shall be followed in criminal cases. Subdivision 9, Art. 2237 R. C. S. (1925) provides as follows:

"Should the party be dissatisfied with said bill filed by the judge, he may, upon procuring the signatures of three respectable bystanders, citizens of this State, attesting to the correctness of the bill as presented by him, have the same filed as part of the record of the cause; *and the truth of the matter in reference thereto may be controverted and maintained by affidavits, not exceeding five in number on each side,* to be filed with the papers of the cause, within ten days after the filing of said bill and to be considered as part of the record relating thereto."

No contest of the bystanders' bill as provided in the statute was undertaken by the State, hence it is before us for consideration under the rule heretofore announced, which is clearly stated in 4 Tex. Jur., page 288, Sec. 202 as follows: "The appellate court is bound by a bystanders' bill which complies with the statute and is not contested by controverting affidavits filed in the court below, as authorized by the statute."

Many authorities supporting the text are cited. See Hemphill v. State, 72 Tex. Cr. R. 638, 165 S. W. 462; Marshall v. State, 76 Tex. Cr. R. 386, 175 S. W. 154; Hirschberg v. State, 108 Tex. Cr. R. 175, 299 S. W. 641.

The bill in question recites that appellant was recalled by the State to the witness stand and was asked if he had not on March 6th, 7th and 8th given three checks aggregating more than $300.00 to the Hurricane Oil & Refining Company of Arp, Smith County, Texas. Appellant replied that he did not think so, but that he had not had his bank book balanced and could not tell what checks were out. This inquiry was permitted over objection. The bill further recites that while appellant's counsel was arguing the case a member of the District Attorney's staff interrupted appellant's counsel and handed him three purported checks given by appellant to said Hurricane Oil & Refining Company; that appellant was not recalled to identify said checks, and that while the Assistant District Attorney was closing the argument for the State he exhibited the three checks to the jury and said: "Gentlemen, here are three more hot checks given by the defendant to the Hurricane Oil & Refinery Co., of Arp, Smith County, Texas. Gentlemen, you saw how quick defendant's counsel dropped those checks, no wonder gentlemen, defendant's counsel didn't discuss these three checks, they were hot checks, gentlemen, just like all the rest of these checks. It is just further evidence of his scheme to get all he could on hot checks."

A further analysis of the bill leads us to believe we should not hold it duplicitous to the extent that it should not be considered. The recital that the questions about the Hurricane Oil Company checks were asked appellant over objections we think should be regarded simply as advising the court that the inquiry was not with appellant's acquiescence, and was incorporated in the bill in order that this court could understand the circumstances and setting of the transaction complained of. There is no recital in the bill that the three checks were ever introduced in evidence although they are found in the statement of facts. There were in evidence ten checks given by appellant to the Lacy Refining Company from March 21st to March 27th, inclusive, one of which was the check for $114.15, the basis of the prosecution, given on March 24th. The Hurricane Oil Company checks were given some fifteen days before the first Lacy Refining Company check was given. There does not appear from the record any connection between the series of checks given to the two oil companies. However, we are not particularly concerned in that matter in the consideration of this bystanders' bill. We may have overlooked it, but our attention. has not been directed to any evidence to the effect that the Hurricane Oil Company checks had not been paid, nor to any evidence regarding the circumstances under which they were given. As we understand the bill the crux of appellant's complaint is that the Assistant District. Attorney asserted that the checks exhibited by him to the jury were "three more hot checks" given by appellant; without any evidence supporting such assertion. That such an argument injected into the record a new fact hurtful to appellant is not open to discussion.

The principle which has long been accepted as the true guide in determining complaints of arguments is stated in Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548, as follows.:

"We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful and prejudicial, or where a mandatory provision of the statute is violated, *or some new and harmful fact injected into the case.* Stanchel v. State, 89 Tex. Cr. R. 358, 231 S. W. 120; Henderson v. State, 76 Tex. Cr. R. 66, 172 S. W. 793; Bowlin v. State, (No. 6418) 93 Tex. Cr. R. 452, 248 S. W. 396."

Being bound by the bystanders' bill, in the absence of controversion, we conclude upon further consideration that same reflects error which demands a reversal of the judgment.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

We are unable to agree with the contention of the State that the bystanders' bill discussed in the original opinion should be appraised·in the light of the court's bill. As stated in the original opinion, in view of the fact that the bystanders' bill was not controverted, we are bound by its recitals.

The State insists that the record shows that appellant's brother was one of the bystanders who signed the bill. We have carefully examined the statement of facts in an endeavor to find sufficient evidence to warrant the conclusion that one of the signers was the brother of the appellant, and have reached the conclusion that the evidence is too indefinite to support the contention of the State.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.