GABRIEL O'CON v. THE STATE.

No. 23676. Delivered June 4, 1947.
Rehearing Denied November 12, 1947.

Dan Abbott, of Abilene, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of statutory rape and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The record reflects that about the year 1940 or 41 appellant was married to a sister of the prosecutrix; that thereafter, but prior to the commission of the alleged offense, his wife obtained a divorce and she returned to the home of her parents and he went to live with his parents on a farm located in Taylor County, Texas; that on or about the 23rd day of July, 1946, appellant wrote a letter to the prosecutrix who lived with her parents at Seagoville, Texas, requesting her to come to him at Abilene and enclosed a Post Office money order in the sum of $10.00 with which to defray the expenses of the trip. In response to his request, she came to Abilene a few days later where he met her and carried her to the home of his parents where they slept together in the same bed, and engaged in sexual intercourse. At the time of the act charged in the indictment, prosecutrix was fourteen years of age and had not been legally married to appellant, however, she testified on cross-examination that they intended to get married but her father would not consent to it; that after she went to appellant, they held themselves out as husband and wife, that is, from Saturday until the following Tuesday when he was arrested, but where and to whom they held themselves out as husband and wife is not disclosed by their testimony.

After appellant was arrested, he made a voluntary confession to the County Attorney after having been duly warned as required by law in which he admitted writing a letter to the prosecutrix asking her to come to him and enclosing a money order in the sum of $10.00; that he carried her to the home of his parents where they engaged in sexual intercourse. This confession was introduced in evidence on the trial of the case. Appellant did not testify in his own behalf nor did anyone testify as to any word or conduct on the part of appellant indicating a consummation of a common law marriage except his cousin, E. Ramos.

By Bill of Exception No. 1 he complains of the action of the trial court in overruling his motion for a new trial based on the ground that E. Ramos, who was a cousin to appellant and who was called by him as a witness and who on cross-examination by the District Attorney was asked the following questions and made the following replies:

"Q. Who was it that told you that they were man and wife? A. Well, the way I see them—with the lady and I ask him and ask her, 'Is that your wife?', and he said, 'Yes, that's my wife.'

"Q. Who said that? A. He did."

The bill further discloses that on cross-examination of prosecutrix she was asked the following question and she made the following reply:

"Q. You intended for people to believe that you were man and wife, did you not? A. Yes, sir."

This bill is qualified by the court who states in his qualification that there was testimony conflicting with that set out in the bill.

After the defendant had rested his case, the State recalled the prosecutrix who testified that appellant's cousin, E. Ramos, was not at the home of appellant's parents while she was there and that she never did state to Ramos that she and appellant were married; that she did not hear appellant say that he was her husband, nor did she at any time tell anyone while she was at the home of appellant's parents that they were married; that the only people they visited during that time was a nephew to appellant, but on that trip neither he nor she told anyone that they were husband and wife. In considering all of the facts testified to by the witnesses as reflected by the record, we have

reached the conclusion that the evidence is sufficient to sustain his conviction.

By Bill of Exception No. 2 he contends that the trial court erred in admitting in evidence, over his objection, his purported voluntary confession. The only objection to the introduction of the voluntary confession complained of, as we gather from the bill, was that he didn't think that there was an interpreter present at the time the voluntary confession was made. There is nothing in the bill which shows that the appellant could not read and didn't understand the English language and, therefore, did not know and understand the full import of the confession. In the absence of such a showing, the bill fails to reflect any error.

By Bill of Exception No. 3 he contends that the evidence is insufficient to sustain his conviction. We have already discussed this question and decided the same adversely to his contention and we see no need for any further discussion thereof.

By Bills of Exception Nos. 4 and 5 he complains of certain remarks made by the District Attorney in his closing argument. These bills are deficient in that they fail to show that the argument complained of was not provoked or invited and not a proper deduction from the evidence. See Sanchez v. State, 181 S. W. (2d) 87, Brown v. State, 184 S. W. (2d) 840, and Cavazos v. State, 186 S. W. (2d) 990. Moreover, the argument complained of did not violate any mandatory provisions of the statutes; did not inject any new fact into the case, nor was the same improper or obviously prejudicial and hurtful. See McMahon v. State, 147 Tex. Cr. R. 508, Vineyard v. State, 96 Tex. Cr. R. 401 (257 S. W. 548), Heidle v. State, 86 S. W. (2d) 641, Newchurch v. State, 135 Tex. Cr. R. 619 (121 S. W. (2d) 998), Tadlock v. State, 139 Tex. Cr. R. 316 (139 S. W. (2d) 796), and Lutz v. State, 176 S. W. (2d) 317.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing is based on the contention

that the evidence was not sufficient; and that it gave all of the elements necessary to constitute common law marriage. We have carefully examined the record and find none of the elements essential to such conclusion. The father of the prosecutrix said the daughter expressed a desire to marry appellant. She said they intended to marry. He did not testify, but a cousin testified that the defendant told him that she was his wife. Such statement by the defendant is not sufficient, under the circumstances of this case, to support a finding by a jury that she was his common law wife. It will not be necessary for us to discuss the case further than to state the facts, which has been amply done in the original opinion.

Appellant has filed a supplemental motion calling attention to the order in the record listing thirteen men as members of the grand jury that found the indictment, and has asked that the indictment be quashed. The identical question comes from the same court in a case this day decided, being No. 23,677, Merle J. Rawls v. State of Texas, (Page 146 of this volume.) Reference is had to the opinion in that case for the conclusion in the instant case that the indictment should not be quashed.

The motion for rehearing is overruled.