**Charles Earven ROBINSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47670.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Robert M. Jones, Dallas (Court-appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, set by the court, twenty (20) years.

Appellant raises two grounds of error on this appeal. The sufficiency of the evidence is not challenged.

The evidence established that on December 31, 1971, appellant and his co-defendant, Griffin Davis, entered a Dallas liquor store owned by two brothers, William Henry and Lois Sinclair. During the course of the robbery, co-defendant Davis forced Lois Sinclair to go to the back of the store and sack up the money, while holding a pistol on him. Appellant was at this time holding pistols on William Henry Sinclair and James and Juanita Amedie, friends of the Sinclairs who were in the liquor store at the time of the robbery. During the course of the robbery, Lois Sinclair was able to get to a shotgun and shot at Davis. Then, moving to another part of the store, Sinclair was able to get

to another shotgun and fired at appellant. When the first blast 'hit Davis, the evidence reveals that appellant began firing his pistol, striking James Amedie. Amedie subsequently died from this wound. Appellant and Davis fled the scene, leaving the money behind. They were later apprehended at a Dallas apartment house.

 In ground of error number one, appellant complains that the trial court erred in allowing a police officer to testify that Mr. Amedie was shot with a pistol. It is appellant's contention that Officer Farquhar was not shown to be an expert so as to qualify him to say what type of weapon fired the shot which killed Amedie. Officer Farquhar testified that he had been with the Dallas Police Department for five years, that he had observed many gunshot wounds and that in his opinion a pistol, as opposed to a shotgun (the only two weapons shown to be at the scene), had fired the fatal shot. In Bell v. State, 163 Tex. Cr.R. 427, 293 S.W.2d 771, a similar contention was raised. That case involved two different sizes of knives. An officer gave his opinion that the wounds had been inflicted by one of the two knives in evidence. We said that one, even though not shown to be an expert, could give his opinion as to the kind of instrument used in making the wounds. No error has been shown.

Ground of error number one is overruled.

In ground of error number two, appellant contends that the in-court identification of appellant by Lois Sinclair should have been suppressed because of an overly suggestive photo line-up. In the findings of fact and conclusions of law made by the trial court following a hearing on the admissibility of the in-court identification, the trial court found the following:

1) The witnesses had ample time to observe appellant.

2) There was not an unreasonable lapse of time between the date of the offense and the time of trial.

3) There was no evidence that appellant made any effort to conceal his features.

4) The witnesses never identified any other persons as having robbed their store.

5) Sinclair picked appellant's picture from a group of photographs shown to him on the day following the robbery and it was not shown that the photographs were displayed under conditions unnecessarily suggestive or conducive to irreparable mistaken identity.

Sinclair was shown a single photograph of appellant taken after his capture which showed the injuries received by appellant after Sinclair shot him with a shotgun. It is this second showing of a lone photograph of which appellant complains. We find that the findings of the trial court are supported by the record. Sinclair had already identified appellant when he was shown the single photograph. Based on the totality of the circumstances, we are unable to hold that the in-court identification was tainted. Marshburn v. State, Tex. Cr.App., 491 S.W.2d 663.

Finding no reversible error, the judgment is affirmed.