**Albert CARRILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00053–CR.**

Court of Appeals of Texas, El Paso.

April 21, 1982.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., R. Bradford Stiles, Asst. Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

A jury found the Appellant guilty of murder and assessed his punishment at confinement for a period of thirty years. We modify and affirm.

This is the second trial of this case, the Court of Criminal Appeals having reversed a previous conviction. *Carrillo v. State*, 597 S.W.2d 769 (Tex.Cr.App.1980).

At approximately 7:30 p. m. on March 8, 1977, Appellant and several other members of the Mestizos Gang were fired upon by the occupants of a passing car. Appellant recognized two occupants of this car as Miguel Rodriguez and Felipe Moreno. Appellant obtained a rifle and, with a friend, went to the corner of Tays and Delta streets in El Paso. Appellant saw someone on a motorcycle approximately one-half block west of the intersection on Delta Street. When the motorcyclist started to leave, Appellant fired several shots. Three witnesses observed this shooting and identified the victim as Adrian Ruiz. Ruiz died of a .22 caliber bullet wound in his back. Appellant was arrested the following morning.

■ Appellant's Ground of Error No. 1 asserts that the trial court erred by admitting, over timely objection, incompetent opinion testimony that Adrian Ruiz was shot with a rifle.

The indictment in this case alleges that Appellant intentionally and knowingly caused the death of Adrian Ruiz by shooting him with a rifle. No rifle was produced at the trial. In an attempt to prove that the weapon used was a rifle, the State introduced testimony of El Paso Police Detective Alfredo Bonilla. He testified that he had been a police officer for twenty-one years, and assigned to the Homicide Division for eight years. During that time, he had investigated approximately 200 homicide cases, most of which involved firearms. Bonilla testified that his training and experience as a homicide detective had familiarized him with the capacity and range of .22 caliber pistols as opposed to rifles. He stated that he had discovered nine .22 caliber shell casings 460 feet from the body of Ruiz. These empty cartridges were found within a ten foot radius from one another. Bonilla testified that based on the arrangement of the spent cartridges and their distance from the body, plus his knowledge of the effective range and shell ejection mechanism of .22 caliber weapons, it was his opinion that a rifle was used in the commission of this crime.

Detective Bonilla testified to sufficient facts to support the trial court's ruling that he was qualified to state an opinion as to the type of weapon used to shoot Adrian Ruiz. *Robinson v. State*, 502 S.W.2d 154 (Tex.Cr.App.1973). All other evidence, including Appellant's confession, also indicated that the murder was committed with a rifle. Therefore, the trial court did not abuse its discretion in admitting Detective Bonilla's testimony, and Ground of Error No. 1 is overruled.

Ground of Error No. 2 complains that the trial court erred in denying Appellant's motion to suppress evidence of his confession on the grounds that the statement was not taken in the same language in which it was written. Appellant argues that this renders his confession unreliable and violative of his rights to due process of law. The State responds that Appellant failed to show that he could not read or understand English at the time his confession was made, and therefore the statement was properly admitted.

Sergeant Lewis McBain received Appellant's statement in Spanish, but translated it into English as he typed it. McBain testified that Appellant was bilingual and that, at times, they communicated in English. Appellant seemed to have no difficulty understanding English. Appellant read the statement before signing it and indicated no desire to make any changes. Appellant does not argue, nor did he produce any evidence to show, that he could not speak or read English. Rather, Appellant's objection is that the confession is not in the same language which was used to relate his story to the police. Appellant also complains because there is no showing that the officer who typed the statement is a sworn translator.

■ In the absence of a showing that the accused could not speak or read English, no error is reflected in admitting a translated confession. *O'Con v. State*, 151 Tex. Cr.R. 142, 145, 205 S.W.2d 989, 991 (1947). A confession is admissible although the exact language of the accused is not used when the statement is reduced into writing. *Knight v. State*, 538 S.W.2d 101, 106 (Tex. Cr.App.1975). Nor is there any requirement that a person be literate before his confession may be received into evidence. *Pete v. State*, 501 S.W.2d 683, 686 (Tex.Cr. App.1973). The evidence indicates that Appellant could read and speak English at the time he gave his confession. Ground of Error No. 2 is overruled.

Appellant's Ground of Error No. 3 urges that the trial court erroneously permitted the State to impeach the testimony of one of its own witnesses, Irene Franco. The State takes the position that it merely refreshed the witness's memory by showing her a prior statement given to the police.

This trial was held nearly three and one-half years after the shooting of Adrian

**24**

Ruiz. Mrs. Irene Franco, a witness for the State, repeatedly said she was having difficulty remembering what she had observed on the day Ruiz was shot. At one point, she testified that Appellant had been holding something that looked like a stick, but that she did not know what it actually was. A few moments later, the witness indicated that she was having difficulty remembering what had happened. The jury was excused from the courtroom and Mrs. Franco indicated that she again remembered seeing Appellant carrying a rifle—just as she had said in her police statement. The jury returned and Mrs. Franco testified that she saw a rifle in Appellant's hands.

■ When the present recollection of a witness fails, the witness may refresh his memory by reviewing memorandum made when his memory was still fresh. *Welch v. State*, 576 S.W.2d 638, 641 (Tex.Cr.App. 1979). If the witness states that his memory is refreshed, he may continue to testify and the previous memorandum is not received as evidence. This is precisely what the State did in the present case, and no error is reflected. Appellant's Ground of Error No. 3 is overruled.

Ground of Error No. 4 asserts that the trial court erred by receiving evidence of a prior statement of Marta Acosta, a witness for the State.

Marta Acosta gave contradictory testimony, first indicating that she saw the person who shot Ruiz, but could not identify him, and then stating that she did not know how Ruiz was shot or where the gunman was located. Later, she again testified that she saw the person who fired the shots. Ms. Acosta testified that the gunman had been at the intersection of Tays and Delta streets, but that she could not remember exactly what she saw him doing. She then indicated that she hadn't noticed whether this person had a rifle.

After this rather confusing and disjointed testimony, the witness admitted that she could not remember whether she had seen a rifle in the gunman's hand. She then identified one of the State's exhibits as a statement which she had given to the police on the same night, or early the following morning, as the shooting had occurred. She testified that she had truthfully described to the police the events which she had observed, that the statement was accurate, and that she had signed the statement. After the witness read this statement, she stated that her memory was not refreshed.

Over Appellant's objection, the court admitted Ms. Acosta's statement to the police. A portion of it was read before the jury and indicated that the witness saw a man holding a rifle and leaning over a parked car near the intersection of Tays and Delta streets. This person fired about ten shots in the direction of Adrian Ruiz.

■ If, after reviewing a memorandum, a witness states that his memory is not refreshed but identifies the memorandum and guarantees its correctness, then the memorandum is admissible as a past recollection recorded. *Welch v. State, supra.* A sufficient predicate was laid for admission of the statement which Marta Acosta gave to the police.

Appellant also argues that the State should not have been allowed to use this statement to impeach its own witness. The testimony of Marta Acosta, taken as a whole, shows no effort by the State to impeach its own witness, merely the laying of a proper predicate for the introduction of the statement. Appellant's Ground of Error No. 4 is overruled.

■ Appellant's Ground of Error No. 5 asserts that the trial court erred by including in its judgment a finding that Appellant used or exhibited a deadly weapon in the commission of this offense. When such a finding is included in the judgment, good conduct time served is not considered when computing the prisoner's parole eligibility. Tex.Code Crim.Pro.Ann., art. 42.12, secs. 15(b), 3f(a)(2) (Vernon 1979).

However, this rule applies only to inmates sentenced to the Texas Department of Corrections for an offense committed on or after August 29, 1977. The parole eligibility of persons, such as Appellant, sen-

tenced for an offense committed before the effective date of these statutes is governed by law existing before such date. 1977 Tex.Sess.Law Serv., ch. 348, sec. 7, at 934 (Vernon).

The State concedes that Appellant is not subject to the provisions of Sections 15(b) and 3f(a)(2), but argues that the issue presented will not be ripe for judicial review until such time as Appellant would be eligible for parole under the former law. We disagree.

We order that the sentence dated July 28, 1980, be reformed to omit the affirmative finding therein of the court that the defendant used and exhibited a deadly weapon; to-wit, a firearm during the commission of the murder for which he was found guilty.

In all other respects, the judgment of the trial court is affirmed.