BOB CLAER V. THE STATE.

No. 10380.　Delivered March 23, 1927.

Rehearing denied May 11, 1927.

### 1.—Driving Auto Without Number—Statutes Construed.

The offense with which appellant was charged was denounced by our statute at the time of its commission, but before his trial the revised code of 1925 became effective, in which this offense was omitted. However, Art. 17 of the revision of 1925 provides that no offense committed, etc., under existing laws, previous to the time when this code takes effect, shall be affected by the repeal herein of any such law, and appellant was properly convicted under the old law.

### 2.—Same—Bill of Exception—Incomplete—No Error Presented.

Where appellant complains in a bill of exception of the admission of a conversation between a witness and appellant, and the conversation is not disclosed in the bill, we are unable to appraise the value of the objection, and no error is presented.

### 3.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant complains of the refusal of the court to permit him to explain what his intentions were in regard to violating the law when he drove his truck without a license number, but his bill fails to show that the testimony was excluded, and that the matter complained of did not go before the jury, no error is presented.

#### ON REHEARING.

### 4.—Same—Evidence—Properly Admitted.

Where, on a trial for driving an auto without a license number plate thereon, the state was permitted to prove by the sheriff that he had seen appellant driving his truck without a license on more than one occasion, appellant having admitted himself that he had been driving the car for quite a while without a license, no error or injury is shown.

Appeal from the County Court at Law of Wichita County. Tried below before the Hon. B. D. Sartin, Judge.

Appeal from a conviction for driving an auto without a license number, penalty a fine of $25.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile
without having a number on the rear and one on the front, pun-
ishment fine of $25.00.

Complaint was filed in the county court at law of Wichita
County against appellant in June, 1925, charging him with driv-
ing a motor vehicle upon a public highway in said county with-
out having displayed, one on the front and the other on the
back thereof, number plates corresponding to the distinctive
number assigned said vehicle by the Highway Department of
the State of Texas. The case was tried in April, 1926, after
the taking effect of the Revised Criminal Statutes of Texas on
September 1, 1925.

Art. 820aa of the Penal Code of Texas of 1918 specifically
forbade one operating an automobile upon a public highway
without having displayed upon the front and the back number
plates corresponding with the number assigned to such car
by the Highway Department of this state. The codifiers omitted
from the statutes as compiled and adopted by the Thirty-Ninth
Legislature said Art. 820aa. Art. 17 of the 1925 P. C., which
became effective on September 1 of said year, specifically pro-
vides that no offense committed and no fine, forfeiture or pen-
alty incurred under existing laws previous to the time when
this code takes effect shall be affected by the repeal herein of
any such laws, but the punishment of such offense * * * shall
take place as if the law repealed had remained in force. We
regard the provisions of this statute just referred to as appli-
cable. Under the law as it existed at the time of the filing of
this complaint, and under the testimony offered on behalf of
the state upon this trial, we have no doubt but that there was
a violation of the statute on the part of appellant. He is shown
to have operated a car for a considerable time, upon the public
highways of Wichita County, without having any number plates
upon it at all.

There are three bills of exception in the record. No. 1 com-
plains of the testimony of the witness Glenn, who said: "I
had seen him before this operating without a license and on the
Iowa Park road, and before we had the conversation." We can-
not tell from the bill what the conversation was, nor what the
relevance of the testimony objected to might be. It certainly

was material to prove by some witness that he had seen appellant operating his car without a license number. The bill reveals no error.

Bill of exceptions No. 2 complains of the refusal of the learned trial judge to permit appellant to state what his intention was in regard to violating the law when he drove his truck. The bill shows that the question was asked and the answer made. There is nothing to show that the answer was excluded. We think the question and answer would be improper, and if objection had been duly made it should have been sustained. It is not shown that the matter did not go before the jury. The remaining bill is to the refusal of an instructed verdict favorable to appellant. We perceive no error in this matter.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant brings forward but one claim in his motion, that being that we erred in upholding the action of the lower court in permitting the officer to testify that he had seen appellant driving his truck without license on more than one occasion. A careful review of the effect of this testimony does not lead us to change our minds. Appellant admitted himself that he had been driving the truck for quite a while without a license. The jury gave him the lowest fine. We are unable to perceive any injury.

The motion for rehearing will be overruled.

Morrow, P. J., not sitting. *Overruled.*