## R. W. Fox Alias W. F. Fox v. The State.

No. 16078.   Delivered October 25, 1933.
Rehearing Denied May 30, 1934.
Appellant's Application for Leave to File Second Motion for Rehearing Denied October 3, 1934.
Reported in 74 S. W. (2d) 655.

The opinion states the case.

*Carlton & Ragen,* of Fort Worth, for appellant.

*Jesse E. Martin,* Crim. Dist. Atty., and *Cecil C. Rotsch,* Asst. Dist. Atty., both of Fort Worth, *Sam McCorkle,* of Fairfield, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling gasoline of a quality inferior to that demanded by statute; punishment, a fine of twenty-five dollars.

The record is here without any statement of facts or bills of exception.   The indictment charges an offense, and is followed by the charge of the court.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—Appellant moves for rehearing and asserts that the case should be reversed and the prosecution dismissed in that the law under which he was convicted has been repealed.   He is mistaken.   The law has been amended but not repealed.   The penalty for the amended statute is the same as it was prior to such amendment.   Examination reveals that articles 1103 and 1105, 1925, P. C., were

amended by the terms of Chap. 46, Acts Regular Session, 43rd Legislature, so as that the definition of the offense for which appellant was convicted has been changed,—but, as above stated, no change was made in the penalty, and the amendment referred to was enacted and became effective after this appellant was convicted herein. In such case the provisions of article 16, 1925, P. C., apply, which provide that if the definition of an offense be changed after the law has been violated, such change shall not affect the prosecution and conviction for such offense as under the former statutes. See Collins v. State, 111 Texas Crim. Rep., 308; Franklin v. State, 119 Texas Crim. Rep., 214; Claer v. State, 106 Texas Crim. Rep., 626.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*

### ON APPELLANT'S APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—Appellant makes application for leave to file a second motion for rehearing and points out that, in addition to having been convicted under the provisions of articles 1103 and 1105, P. C., as charged in the first count of the indictment, he was also convicted under the provisions of article 141a, P. C., as charged in the second count of the indictment, with the assessment of a fine of one hundred dollars. Appellant contends that after he has been convicted and pending his appeal to this court, article 141a, supra, was repealed by Sec. 15, Chap. 44, Acts of Regular Session, 43rd Legislature, and that no saving clause was embraced in the repealing act.

Under the terms of the act last mentioned, the penalty was changed to provide that one violating the provisions of said act should be guilty of a felony and upon conviction punished by confinement in the penitentiary for not more than two years, or by confinement in the county jail for not less than one month, nor more than six months, or by a fine of not less than one hundred nor more than five hundred dollars, or by both such fine and imprisonment. However, chapter 44, supra, contains a saving clause. It is provided in section 17 of said chapter, among other things, that article 141a, is repealed. A further provision of said section reads as follows: "And further provided, that no offense committed and no fine, forfeiture or penalty incurred under such above repealed Acts before

the effective date of this Act, shall be affected by the repeal herein of any such laws, but the punishment of such offense and the recovery of such fines and forfeitures shall take place as if the law repealed had remained in force."

It is unnecessary to decide whether, in the absence of the saving clause above quoted, appellant could have escaped prosecution under the second count of the indictment. Manifestly, under the saving clause, he is in no position to contend that the repeal of article 141a, supra, entitles him to a reversal.

The application for leave to file a second motion for rehearing is denied.

*Denied.*