## PAUL MOORE v. THE STATE.

No. 19154.   Delivered December 8, 1937.

The opinion states the case.

*A. M. Huffman,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense was violation of the law regulating liquor traffic; punishment, $100.00 fine.

The appellant Paul Moore was charged by complaint and information with being a holder of wine and beer permit No. 6865, thereby being authorized to sell beer and wine for consumption on the premises located at 1111 Gladys Street in the City of Beaumont, Texas, and that he did then and there unlawfully have in his possession on the said premises distilled spirits, to-wit: whisky.

The appellant complains in his first bill of exceptions of a refusal of the trial court to grant his request for a peremptory instruction because the whisky so found by the liquor inspectors was not found in his place of business, but was found in appellant's home and living quarters.

The testimony relative thereto is uncontradicted and shows that appellant had a bar from which he served wine and beer, and just back of such bar there was an open doorway with no door therein, and a bedroom just beyond such open doorway, the only thing separating such room from the barroom being a curtain three or four feet above the floor, and the only opening thereto being this open doorway. Appellant and a woman named Willie Mae Hanks testified that this was their home, and they lived there, and had no other home. In our judgment this place was clearly either a home or a barroom, and the fact of the bed room having a curtain hanging over an open doorway leading into the barroom, could not throw over it the sanctity of a home thus closely connected with appellant's barroom, it being so immediately and closely connected thereto as that one could reach in the door from behind the bar and pick up the bottle of whisky found therein, as testified to by some of the witnesses. These premises and two rooms were so intimately and closely connected as to impress them both with the

character of a barroom, and not with the charactertistics of a home.

Appellant next complains relative to the indefiniteness and vagueness of the statute under which he was prosecuted, because the same prohibits the possession of whisky *at or near* the premises wherein wine and beer are legally sold, and contends that the phrase "or near" renders the statute so uncertain as to offend against Article 6 of the Penal Code of 1925, which reads as follows:

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

The word "near" is defined by Webster as "within a little distance from; close or upon." In our opinion the word "near," if too indefinite, could be eliminated, and we would still have left the possession of whisky "at" the premises, and we are constrained to believe that the word "at" as herein used is practically synonymous with the word "on," which is the identical word found in the information herein. We do not think the addition of the words "or near" would render the article herein proceeded under as in contravention of the Constitution if we were to hold them to be thus vague and indefinite, especially in view of Art. 667-22, P. C., of Vernon's Texas Statutes, 1936, which provides that if any part, section, subsection, paragraph, sentence, clause, phrase or word contained in the general liquor law, of which this section is a part, should be held to be unconstitutional, then such holding should not affect the remaining portions of said act, but the legislature declares that it would have passed such remaining portions, despite such invalidity, which saving clause would leave us an active statute, in the words used in the information.

The appellant further complains of a search of his living apartment without a warrant therefor; and in the light of what we have heretofore said there would seem to be no distinction between the place where appellant had his bar and sold wine and beer, and the place where he and this woman slept. If there was any question about the legality of such search, such has been cured, so we think, by the testimony of the appellant himself who testified: "This is my whiskey and the inspector found it out there at 1111 Gladys Street; he went in my bedroom and got it, found it at that address and I was selling beer and wine

there." See Ross v. State, 11 S. W. (2d) 516, and authorities there cited.

In a supplemental brief the appellant lays down the proposition that because of the change in the law, relative to the possession of whisky at a place where wine and beer were legally sold, as shown by Vernon's Penal Code, Art. 666-3, (c), that all prosecutions under such law would necessarily fall unless a saving clause was found in a later law, same being House Bill No. 5, Regular Session, Forty-fifth Legislature, which became effective September 1, 1937. A close reading of the two enactments is convincing that practically the only change, outside of the use of more concise terms and definitions in the last enactment, is the change of the words "at or near the premises" to the phrase "on the licensed premises," the only practical difference being a substitution of "on" for "at or near"; and in our opinion the words at and on are practically synonymous, and as used herein mean the same thing. We also note that the punishment is identical in each enactment, and under the authority of Art. 16, Penal Code, 1925, which reads as follows:

"If an offense be defined by one law and by a subsequent law the definition of the offense is changed, no such change shall take effect as to the offenses already committed; but one accused of violating the first law shall be tried under that law," and also Fox v. State, 127 Texas Crim. Rep., 22,—we are of the belief that this appellant, although tried on April 19, 1937, under the previous liquor law, is punishable thereunder at this time.

In accordance with the views herein expressed this cause is affirmed.

*Affirmed.*