H. A. MILLS v. THE STATE.

No. 19637.   Delivered October 19, 1938.

The opinion states the case.

*W. D. Hollars,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Conviction is for possession of whisky on premises where the appellant was authorized by license to sell beer only; punishment, a fine of $100.00.

The record shows that on the 14th day of October, 1937, F. J. Haynes, an agent of the Texas Liquor Control Board, accompanied by the sheriff of Wilbarger County, went to appel-

lant's place of business to make a search for whisky. It is further shown that adjoining his place of business and attached to it, appellant had a room which was used by himself and his family as a residence. In this room was a bed, table, chairs, a cooking stove and groceries; the general and usual things to be found in a home. A wall separated this room from the business establishment. There was, however, a door leading from the living quarters into the place of business. On the day in question appellant was standing at a front door, the entrance to his place of business, when he saw the officers coming. He immediately latched the screen and retired hurriedly through the business establishment into his living quarters. The officers, in order to gain admittance into the place of business, broke down the screen door which appellant had latched. They walked through the place of business and the sheriff, through an open door, saw appellant in his private quarters destroying whisky. He stated that appellant was wet with the whisky. The sheriff and Haynes then entered and searched this room and recovered a number of broken bottles which had contained whisky. Appellant testified that he had destroyed only one pint of whisky, which he kept in the living quarters for medicinal purposes.

The only question that presents itself in this case is whether appellant,—who admits that he had a pint of whisky in his living quarters, in the same building but separated by a wall from his beer selling place of business, and connected by a door,— was on the same premises as such beer tavern.

Section 3a of Article 666, P. C., defines the word "premises" as follows: "Premises shall mean the grounds as well as all buildings, vehicles and appurtenances pertaining thereto, and shall also include any adjacent premises, if directly or indirectly under the control of the same person."

Under such definition it seems to us that according to appellant's own testimony he had in his possession at and near his said beer tavern premises whisky, which is an offense denounced by the liquor statutes.

The question of an illegal search and seizure of appellant's residence or living quarters does not enter into a determination of the case, and could have had no effect thereon in view of the appellant's admission that he possessed a bottle of whisky at such living quarters. See Moore v. State, 112 S. W. (2d) 194.

The judgment is affirmed.