**Minor JOHNSON, Appellant,**

v.

**John Edgar McDANIEL, Jr., et al., Appellees.**

**No. 4435.**

Court of Civil Appeals of Texas, Eastland.

Dec. 4, 1970.

Rehearing Denied Dec. 18, 1970.

Flahive & Ogden, T. P. Flahive, Austin, for appellant.

Don Johnson, Coleman, Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by John Edgar McDaniel, Jr., and Edward Marion Graves against Minor Johnson for damages and for an injunction under the provisions of Article 666, Section 18 of the Vernon's Ann.Penal Code based upon plaintiffs' allegation that the defendant was illegally operating a liquor store. The trial was to the court without a jury and judgment was entered for plaintiffs for a permanent injunction against the defendant and for triple damages in the amount of $1500. Minor Johnson has appealed.

Appellant presents two points of error in which it is contended that the judgment should be reversed because it failed to properly interpret the effect of House Bill 1440, in the 61st Legislature, 1969, and, if the court finds that its first point is not well taken, appellant urges (2) that the court erred in using a narrow definition of "premise" in interpreting Article 666–3a(7). Appellee contends that the court correctly interpreted Section 18 of Article 666 as it relates to Section 3–a(7) of Article 666 of the Texas penal code. The parties hereto are agreed that the proper disposition of the case hinges upon the interpretation of such statutes.

The facts were stipulated between the parties. The facts are in substance that appellees own and operate a retail business for the sale of alcoholic beverages at 113 Walnut street in Coleman County known as Saveway Liquor; that such business is operated under packaging store permit number 55779 issued by the Texas Alcoholic Beverage Commission of Texas; that such permit covers and designates as the licensed premises the entire building where appellees operate their business; that appellees prohibit minors coming into the business in which they operate their liquor store unless such minors are accompanied by a parent, guardian, adult husband, adult wife or other adult person in whose custody such minor has been committed by a court.

Appellant Minor Johnson resides in Ft. Worth, Tarrant County. He owns and operates a retail business for the sale of alcoholic beverages and groceries in a building at 211 East Walnut in Coleman, Coleman County, which he opened for business on April 27, 1970. Appellant controls the entire building in which his grocery business and retail liquor business is located. The Texas Alcoholic Beverage Commission has issued retail package store permit number 57077 to appellant, which permit covers and designates a portion only of the building at 211 East Walnut as the licensed premises, and only a portion of the building in which appellant's packaging

store is located is used as the licensed premises of his package store. Such licensed premises are designated by lines drawn on a plat of appellant's building which is attached to and forms a part of appellant's application for his package store permit, and there is no physical partition or division between the portion of appellant's building where groceries are sold and the portion of such building where alcoholic beverages are sold, and no partition or division between the area designated on the plat attached to appellant's application as the area for which he desired a package store permit and the remainder of the building. The entrance to appellant's grocery business and retail liquor business is through a common entrance. The premises occupied by appellant for a liquor store is not located in a hotel as defined by the Texas Liquor Control Act. Appellant makes no attempt to prohibit minors from entering the place of business where he operates his grocery store and retail liquor business, and minors have free access to that portion of the building in which alcoholic beverages are exposed for sale.

Appellant's place of business is approximately one city block distance from appellees' place of business, and appellant and appellees offer for sale to the public generally the same types of beverages, brands, containers and stocks of merchandise. By reason of their proximity and similar physical facilities and stocks of alcoholic beverages, appellant and appellees compete for the same general class and group of customers. Since April 27, 1970 appellees have suffered a loss of business.

The sale of alcoholic beverages under Texas law is the exercise of personal privilege granted under the provisions of the Texas Liquor Control Act and regulated in every phase by the Act as administered by the Board or Commission. Articles 666–6 and 666–3a, Texas penal code.

As shown by the stipulation of the parties when appellant applied for his liquor store permit, he filed with the Texas Liquor

Beverage Commission a plat of the building he had rented for the purpose, designating a portion thereof as a package liquor store, the balance of the building to be used as a grocery store. There was no physical barrier between the two businesses. The question presented in this case is whether under the Liquor Control Act the sale of alcoholic beverages must be carried on as a segregated business or can be carried on under the same roof with nonregulated business separated from them only by lines drawn on the plat of the building on file with the Texas Alcoholic Beverage Commission at Austin. The determination of the question hinges upon the definition of the word "premise" as used in the statute.

Subsequent to 1937 and prior to 1959 the word "premise" was defined in Section 3–a (7) of the Act as being:

" * * * the grounds as well as all buildings, vehicles, and appurtenances pertaining thereto, and shall also include any adjacent premises, if directly or indirectly under the control of the same person"

It was held by our Court of Criminal Appeals in Mills v. State, 135 Tex.Cr.R. 356, 120 S.W.2d 458 (1938), that under the above definition every part of the business was subject to the sanctions imposed under the Liquor Control Act. In 1959 Section 3–a(7) of the Act was amended and relaxed so as to give the Board discretion in the matter and to allow a portion of the grounds, buildings, etc. to be excluded as a portion of the licensed premises, subject to the approval of the Board or Administrator. In 1965 the Board, by administrative regulation, declined to continue the use of its discretion to allow a part of such grounds, buildings, etc. to be excluded as licensed premise, and on May 2, 1965 by correspondence addressed to package store and wine only package store permittees announced its policy that thereafter the licensed premise should include all businesses in the same building as the permittee's alcoholic beverage business. Such correspondence and announcement by the Board stated that the word "premise" should be as defined in Article 1, Section 3–a(7) and that:

" * * * it shall be the policy of the Administrator that the licensed premises shall include all adjacent and contiguous mercantile establishments or businesses in the same building as the permittee's alcoholic beverage business."

In 1967 the Legislature by House Bill 781 in effect approved the stated policy of the Board by returning to the pre-1959 statutory position, but the Act was vetoed. In 1969 in the 61st Legislative regular session, Senate Bill 27 was passed and signed into law on June 14, 1969. A consideration of the history of the legislation on the subject and the position of the Board as shown by its stated policy in our opinion shows that the intention of the Legislature in enacting Senate Bill 27 and House Bill 1440 into law at the same session was to outlaw the licensing of a portion only of the "premises". Senate Bill 27 amended Section 18 of the statute providing among other things as follows:

"No applicant for a Package Store Permit or a renewal thereof shall have authority to designate as 'premise' and the Board or Administrator shall not approve a lesser area than that specifically defined as 'premise' in Section 3–a(7) of Article I of the Texas Liquor Control Act as enacted by the 44th Legislature, 2nd Called Session, 1935."

Appellant contends that Senate Bill 27 by referring to the 1935 Texas Liquor Control Act prior to any amendments shows that the Legislature intended to return to the original definition "premise" which would encompass the entire building. Appellant points out that subsequently enacted House Bill 1440 used the same sentence as set out above in the "Senate Bill number 27", but added thereto at the end of the sentence the words "as amended". Appellant contends that by the adding of the words "as amended" in House Bill

1440 we are now back to the 1959 definition of "premise" which appellant contends is the amended definition therein referred to, and that the amended Act allows a portion of a building to be set aside subject to the approval of the Board or Administrator. We cannot agree with this contention.

Article 666–18 as contained in the 1935 Act of the Legislature dealt solely with residence requirements of permittees, and the Section 3–a of that Act contained only a definition of the word "liquor" and did not define the word "premise". The definition of "premise" first came into existence by the 1937 amendment to Section 3–a. Since there was no definition of "premise" in Section 3–a of the Liquor Control Act of 1935, it must have been the intention of the Legislature in Senate Bill 27 to refer to act "as amended" by the 1937 Act where the word "premise" was defined. Without the insertion of the words "as amended" in the body of Senate Bill 27 the language makes no sense because it refers to Section 3–a(7) as enacted in 1935, when 3–a(7) was not enacted until 1937. In addition, it is noted that the caption of Senate Bill 27 contains the following language:

"Prohibiting the designation or approval of a lesser area for the premise of a package store than is specifically defined in Section 3a(7), Article 1, Texas Liquor Control Act, 44th Legislature, 2nd Called Session, 1935, as amended, and prohibiting the use of only a portion of a building as premise;"

It seems obvious that the omission of the words "as amended" in the body of Senate Bill 27 was a clerical error. By House Bill 1440 the Legislature at the same session corrected this clerical error. As heretofore noted House Bill 1440 contained the same sentence as hereinabove set out from Senate Bill 27 with the words "as amended" added at the end of a sentence.

When the Legislature amends a law it is presumed that the intention was to change the law. Contrary to this presumption, appellant's contention is that the amendment to Section 18 of Article 666 by the 1969 Legislature leaves the law on "premise" exactly as it was prior to the passage of the Act. We cannot agree. There is no inconsistency by the Senate Bill 27 and House Bill 1440. These acts are supplemental to each other and should be considered together to determine the intention of the Legislature. The trial court correctly interpreted Section 18 of Article 666 as it relates to Section 3–a(7) of Article 666.

The judgment is affirmed.