OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 20, 1999

The Honorable Jack Herrington                     Opinion JC-0083
Red River District and County Attorney
P.O. Box 364                                      Re:  Whether a county judge may conduct an
Clarksville, Texas 75426                          inquest when the appropriate justice of the peace
                                                  is unavailable to do so    (RQ-0010)

Dear Mr. Herrington:

       Article 49.07(c) of the Code of Criminal Procedure directs a person who is required to notify
the local justice of the peace of a death requiring an inquest to instead notify the county judge or
another listed official when the appropriate justice of the peace is unavailable. You ask whether this
provision impliedly authorizes the county judge to conduct the inquest. Consistently with our
conclusion in Attorney General Letter Opinion No. 97-101, we conclude it does not. Accordingly,
a county judge may not conduct an inquest.

       Chapter 49, subchapter A of the Code of Criminal Procedure prescribes the "[d]uties
performed by justices of the peace" during the course of an inquest. See TEX. CODE CRIM. PROC.
ANN. ch. 49, subch. A (Vernon Supp. 1999). An "inquest" is "an investigation into the cause and
circumstances of the death of a person, and a determination, made with or without a formal court
hearing, as to whether the death was caused by an unlawful act or omission." Id. art. 49.01(2). In
certain circumstances, an inquest must be conducted into the death of a person who dies in the
county. See id. art. 49.04(a). When a death requiring an inquest occurs, the physician or person who
possesses the body and a peace officer who has been notified of the death "immediately" shall
"notify the justice of the peace who serves the precinct in which the body was found." Id. art.
49.07(a), (b). If that justice of the peace is unavailable, the person in possession or the peace officer
must "notify the nearest available justice of the peace, municipal court judge, county judge, or judge
of the county court at law of the county in which the death occurred or in which the body was
found." Id. art. 49.07(c). A person who is required to notify the proper official but who intentionally
or knowingly fails to do so commits a Class C misdemeanor. Id. art. 49.07(d).

       You indicate that Red River County has only one justice of the peace. See Letter from
Honorable Jack Herrington, Red River District and County Attorney, to Attorney General's Office,
Opinion Committee (Jan. 6, 1999) (on file with Opinion Committee). When the justice of the peace
is unavailable to conduct an inquest, you continue, the county judge is notified and has been
conducting inquests. See id. You ask whether the county judge is authorized to do so.

Under Attorney General Letter Opinion No. 97-101, the county judge is not authorized to conduct inquests. As that opinion concludes, a municipal judge has no authority to conduct an inquest under article 49.07(c). *See* Tex. Att'y Gen. LO-97-101, at 2. Thus, article 49.07(c) does not implicitly authorize an official to conduct the inquest simply because the official is one who may be notified when the appropriate justice of the peace is unavailable. Rather, article 49.07(c) allows a person who must report a death requiring an inquest under article 49.07(a), (b) to comply with the reporting requirement and thereby avoid criminal liability. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 49.07(d) (Vernon Supp. 1999) (making knowing or intentional failure to notify Class C misdemeanor). Under article 49.07(c), a "county judge or justice of the peace who receives a report may then exercise his or her statutory authority to provide for a temporary justice of the peace to conduct the inquest, while a municipal court judge or judge of a county court of law may forward the report to an officer with such authority." Tex. Att'y Gen. LO-97-101, at 2.

The plain language of article 49.07(c) compels us to affirm the conclusion of Attorney General Letter Opinion No. 97-101. We must construe a clear and unambiguous statute to effectuate the statute's plain meaning. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). On its face, article 49.07(c) requires a physician or a peace officer to notify an official other than the justice of the peace serving the precinct in which the body is located when that justice is unavailable. Nothing in article 49.07 or in any other statute explicitly or implicitly authorizes any official but a justice of the peace to conduct the inquest. *See* Tex. Att'y Gen. Op. No. O-6640 (1945) at 2 (stating that public officers possess those powers expressly conferred upon them or necessarily implied therefrom).

Furthermore, prior to 1987, article 49.01 of the Code of Criminal Procedure explicitly permitted a county judge (and other listed officials) to conduct an inquest in the event the local justice of the peace was unavailable: "The inquests authorized and required by this Article shall be held by the justice of the peace of the precinct in which the death occurred, but in the event the justice of the peace of such precinct is unavailable, or shall fail or refuse to act, then such inquest *shall be conducted* by the nearest available justice of the peace, corporation court judge, county judge or judge of the county court at law of the county in which the death occurred." TEX. CODE CRIM. PROC. ANN. art. 49.01 (Vernon 1979) (emphasis added), *amended by* Act of May 21, 1987, 70th Leg., R.S., ch. 529, § 1, 1987 Tex. Gen. Laws 2138, 2144-45. In 1987 the legislature deleted the terminology authorizing an alternate official to conduct an inquest. *See* Act of May 21, 1987, 70th Leg., R.S., ch. 529, § 1, 1987 Tex. Gen. Laws 2138, 2144-45; *see also* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 1104, 70th Leg., R.S. (1987) (stating that 1987 bill proposes some substantive changes to inquest statutes). When the legislature amends a law by deleting language, a court will presume that the legislature intended to change the law. *See Friedrich Air Conditioning & Refrigeration Co. v. Bexar Appraisal Dist.*, 762 S.W.2d 763, 767 (Tex. App.–San Antonio 1988, no writ) ("it is not logical to accept that the legislature omitted the 'rendered' language without recognizing that [it] had previously constituted an integral substantive component of the law"); *Buckner Glass & Mirror, Inc. v. T.A. Pritchard Co.*, 697 S.W.2d 712, 714 (Tex. App.–Corpus Christi 1985, no writ) (effectuating legislature's deletion of words "should finally obtain judgment"); *see also American Sur. Co. v. Axtell Co.*, 36 S.W.2d 715, 719 (Tex. 1931) (stating that when

legislature amends law, it is presumed that legislature intended to change law); *Schott v. Leissner*, 659 S.W.2d 752, 754 (Tex. App.–Corpus Christi 1983), *writ ref'd n.r.e.*, 668 S.W.2d 686 (Tex. 1984) (same); *Travenol Lab., Inc. v. Bandy Lab., Inc.*, 608 S.W.2d 308, 314 (Tex. Civ. App.–Waco 1980, writ ref'd n.r.e.) (same); *Johnson v. McDaniel*, 461 S.W.2d 198, 201 (Tex. Civ. App.–Eastland 1970, writ ref'd n.r.e.) (same); *Adams v. Bida*, 83 S.W.2d 420, 424 (Tex. Civ. App.–Eastland) (same), *rev'd on other grounds*, 84 S.W.2d 693 (Tex. 1935) (per curiam). *But see Jones v. Fowler*, 969 S.W.2d 429, 433 (Tex. 1998) (per curiam) (concluding that legislature did not intend substantive change when it deleted "immediately" from "immediately preceding" in child-custody statute). Thus, only a justice of the peace, including a temporary justice of the peace, may conduct an inquest.

Chapter 49, subchapter A of the Code of Criminal Procedure, of which article 49.07(c) is a part, is, however, problematic. First, while article 49.07(c) lists the officials that may be notified in the event the appropriate justice of the peace is unavailable, neither it nor any other provision instructs these officials how to proceed. As this office suggested in Attorney General Letter Opinion No. 97-101, only a county judge or a justice of the peace who receives a report of a death requiring an inquest may appoint a temporary justice of the peace to conduct the necessary inquest. Tex. Att'y Gen. LO-97-101, at 2. The other officials listed in article 49.07(c)–municipal court judge and judge of the county court at law–only may notify a county judge or justice of the peace of the need to appoint a temporary justice. Second, the statute emphasizes the immediacy with which the inquest must be begun, perhaps to expedite moving of the body or to ensure the accuracy of chemical analyses of body fluids, *see id.* arts. 49.05(e), .10(i), (j), .11 (prohibiting moving body without justice's authorization and allowing for chemical analyses). *See, e.g., id.* arts. 49.07(a), (b), .18(a) (requiring notification immediately or as soon as practicable). Multiple telephone calls and the appointment of a temporary justice of the peace may hinder timely commencement of the inquest. Third, other provisions in chapter 49, subchapter A recognize that officials other than justices of the peace may conduct inquests. Article 49.09(a), for example, permits a justice of the peace to direct the disinterment of a body if "an authorized person has not conducted an inquest." Likewise, article 49.15(a) requires the making of an inquest record for each inquest conducted by a justice of the peace "or other person authorized under this subchapter to conduct an inquest." *See also* TEX. CODE CRIM. PROC. ANN. arts. 49.16, .22(a), .23(a), (c) (Vernon Supp. 1999). None of these reasons overcome the plain language of article 49.07(c).

Consequently, a county judge may not conduct inquests. Rather, when the appropriate justice of the peace is unavailable, the county judge must appoint a temporary justice of the peace in accordance with section 27.055(b) of the Government Code. *See* TEX. GOV'T CODE ANN. § 27.055(b) (Vernon Supp. 1999).

### S U M M A R Y

A county judge may not conduct an inquest. Rather, as this office indicated in Attorney General Letter Opinion No. 97-101, when the appropriate justice of the peace is unavailable, the county judge must appoint a temporary justice of the peace to conduct the inquest.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General