**Affirmed and Opinion Filed November 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01285-CV

## JACOB AND GALINA DOBRUSHKIN, Appellants
### V.
## DAVENPORT MEADOWS, LP, Appellee

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-00645-2012

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

Appellants Jacob and Galina Dobrushkin (Buyers) appeal from a combined no-evidence

and traditional summary judgment granted in favor of appellee Davenport Meadows, LP (Seller)

on Buyers' fraud and abuse of process claims. Buyers raise two issues on appeal challenging the

summary judgment. The background of the case and the evidence adduced below are well

known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are

settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the

trial court's judgment.

After Buyers failed to close on a contract to purchase a townhome, they were sued by

Seller. Buyers counterclaimed alleging breach of contract, breach of fiduciary duty, and fraud.

The trial court severed Buyers' fraud counterclaim into a separate case; this is the case on appeal before us. After the severance Buyers added a claim for abuse of process.

Seller then filed a combined no-evidence and traditional motion for summary judgment on both causes of action. Seller's no-evidence motion challenged the following elements of Buyers' fraud claim: Seller made representations; the representations were false; Seller knew the representations were false; Buyers reasonably relied on the representations; and Buyers suffered damages as a result of that reliance. The no-evidence motion challenged the following elements of Buyers' abuse of process claim: Seller made improper use of process after issuance; Seller had an ulterior motive or purpose in using the process; and Buyers suffered injury or damages as a result. The traditional motion for summary judgment argued Buyers suffered no actual damages and that Buyers sought to recover attorney's fees as damages contrary to Texas law.

Buyers responded by arguing only that the no-evidence motion was premature and that attorney's fees were recoverable as damages. The trial court granted summary judgment without specifying the grounds for the ruling. Buyers appeal the trial court's judgment in the severed action.

In their first issue, Buyers argue the trial court granted the no-evidence summary judgment before there was an adequate time for discovery. *See* TEX. R. CIV. P. 166a(i). This Court has refused to read into the rule a bright-line requirement that the discovery period be completed before a no-evidence motion for summary judgment can be filed. *Dishner v. Huitt-Zollars, Inc.,* 162 S.W.3d 370, 376 (Tex. App.—Dallas 2006, no pet.). We have stressed, instead, that whether a nonmovant has had adequate time for discovery under TEX. R. CIV. P. 166(i) is case specific. *See Rest. Teams Int'l., Inc. v. MG Secs. Corp.,* 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).

However, Buyers did not file an affidavit explaining the need for further discovery or a verified motion for continuance. Accordingly, Buyers did not preserve their complaint that the no-evidence summary judgment was premature. *See* TEX. R. CIV. P. 166a(g); *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 807 (Tex. App.—Dallas 2006, pet. denied); *Dishner*, 162 S.W.3d at 376; *Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc.*, 159 S.W.3d 266, 271–72 (Tex. App.—Dallas 2005, no pet.); *Brown v. Brown,* 145 S.W.3d 745, 749 (Tex. App.—Dallas 2004, pet. denied).

We overrule Buyers' first issue.

Buyers' second issue states, "[a]ttorney's fees are recoverable as damages and [a]ppellants pled damages in addition to attorney's fees." It is unclear from Buyers' argument whether this issue challenges both the no-evidence and traditional portions of the motion for summary judgment. However, even if the issue responds to the no-evidence motion, it only addresses the element of damages. Seller's no-evidence motion challenged other elements of each cause of action and Buyers' issue does not challenge the summary judgment on those elements.

Because Buyers fail to challenge all grounds raised below that could support the summary judgment, we overrule Buyers' second issue. *See Berthelot v. Brinkmann*, 322 S.W.3d 365, 370 (Tex. App.—Dallas 2010, pet. denied) (appellate court will affirm summary judgment if appellant does not present argument challenging all grounds on which the summary judgment could have been granted); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 199, 121 (Tex. 1970); *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied) (summary judgment affirmed because it may have been granted on a ground not challenged by appellant on appeal). We conclude the summary judgment can be affirmed on no-evidence grounds, therefore we need not address the traditional motion for summary judgment. *See* TEX.

R. APP. P. 47.1; *Plunkett v. Connecticut Gen. Life Ins. Co.*, 285 S.W.3d 106, 112 (Tex. App.—Dallas 2009, pet. denied).

       We affirm the trial court's judgment.


                /Jim Moseley/
                JIM MOSELEY
                JUSTICE

121285F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JACOB AND GALINA DOBRUSHKIN,
Appellants

No. 05-12-01285-CV       V.

DAVENPORT MEADOWS, LP, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-00645-2012.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DAVENPORT MEADOWS, LP recover its costs of this
appeal from appellants JACOB AND GALINA DOBRUSHKIN.


Judgment entered this 5th day of November, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE