## L. R. NEILL V. STATE.

No. 24491. May 31, 1950.
Appellant's Rehearing Granted June 24, 1950.
State's Motion for Rehearing Denied (Without Written Opinion) October 11, 1950.

*Saunders & Thurmond,* by *J. Byron Saunders,* Tyler, and *C. E. Brazil,* Lufkin, for appellant.

*James H. Moore,* County Attorney, Lufkin, and *George P. Blackburn,* State's Attorney, Austin, for the state.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

This is a conviction for a violation of the Pure Food Laws, with punishment assessed at a fine of $500.00.

We find that we were in error in the original opinion in following the decision in our Cause No. 24,424—L. R. Neill v. State, appeal from Smith County, delivered May 3, 1950, (154 Tex. Cr. R. 549) in that the sale in the present case was alleged to have been made to R. L. Harrison, a retail dealer in meats. In Cause No. 24,424, supra, the sale relied upon was made to Mr. Welch, an employee of the Pure Food and Drug Department of the state, who purchased the meat in that case for purposes of analysis.

In the present case, it is shown that the meat in question was delivered and sold by appellant's agent for human consumption. Therefore, the original opinion is withdrawn, and we will proceed with a decision of this cause upon its merits.

We find that the motion for a new trial herein was acted upon and overruled on March 2, 1949, and that notice of appeal was given at such time. There is no mention in the record of any time granted in which to prepare and have filed any bills of exception in such cause. Therefore, under the statute, Art. 760, Vernon's C.C.P., appellant was allowed 30 days for the filing of such bills. We find ten bills of exception in the record, all bearing the file date of May 28, 1949, which was 87 days after the giving of notice of appeal, and 57 days too late, according to the record.

The statement of facts evidences sufficient testimony to support the allegation that appellant sold to Mr. Harrison some horse meat for human consumption. Under the record presented to us, there is sufficient proof of which the jury could base a verdict of guilt.

Thus believing, the state's motion for a rehearing is granted, the original opinion is withdrawn, and the judgment is now affirmed.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

It appears that the trial court allowed appellant 90 days in which to file his bills of exception, wherefore the bills are entitled to be considered.

Appellant's contention that such bills should be considered as though allowed without qualification will be overruled. The attempted exceptions to the qualifications appear below the signature of the trial judge, and it is not shown that the exceptions were brought to the attention of the trial judge. The bills of exception will therefore be considered as qualified.

It appears that the trial court permitted the state to prove that the witness Harrison told Mr. Welch, the inspector, that the meat from which the sample was taken was obtained by him from Neill Packing Company.

The witness Welch was permitted to testify to such statement, and the state was permitted to introduce a slip or receipt signed by the witnesses Harrison and Welch, showing the shipper or manufacturer to be Neill's Market, Tyler, Texas.

The testimony was hearsay. It was admitted as such for impeachment purposes only.

The witness Harrison testified that he did not know where he got the meat from which the sample was taken. Such testimony appears to have been a surprise to the state, and the court permitted the impeachment evidence to be admitted.

The bills of exception regarding the admission of such testimony fail to show error.

But a re-examination of the evidence leads us to the conclusion that, disregarding such evidence so limited to the purpose of impeachment, there is no direct evidence that the sample of meat examined by the chemist came from appellant.

Appellant was charged with the sale of horse meat to R. L. Harrison, a retail dealer and cafe operator.

Harrison, the alleged purchaser, from whose counter inspector Welch obtained his sample, throughout his testimony and

notwithstanding the impeachment evidence, refused to testify as a fact that the meat came from appellant's market.

Harrison testified in part as follows:

"On the occasion Mr. Welch came in my store I got the meat out of my showcase that I sold him. The meat I sold him was exposed there for sale, to anybody who wanted to buy it. I never drew any lines about that. I really don't know whom I got the sausage and hamburger meat from that I sold him. I had it in my meat counter and exposed for sale. As to where I got this meat, I will say I had been buying meat from Neill and Sullivan. * * *

"Mr. Welch came by and bought some samples from me sometime pretty soon in the afternoon. * * * I went back to the meat counter and sold him some sausage and ground meat. I got it out of my meat counter. I couldn't say for sure if I sold him the same meat I got from Earl Phillips that day. I couldn't say for sure because I bought meat from other packers, and if I had any old meat in the display counter, I put the meat I bought from Earl Phillips underneath. I tell the jury this could have been some of the meat I bought from Earl Phillips. It is possible. * * *

"I said on direct examination I had bought meat from other markets or packers, and I had during that time. I had bought from Calhoun out of Palestine, Haley in Lufkin, Stanley & Osborne out of Tyler and another here in Lufkin. Stanley & Osborne had trucks that came by my place and I bought it as I needed it. Whatever salesmen came along I would buy it or come down here in town and buy it. When I bought more meat, naturally I would put the old meat on top on display and put the new underneath until I used up the old. I don't know which meat I sold Mr. Welch, whether it was some old meat or new. I just reached in and got the meat on top and delivered it to him. * * *

"I am not testifying this was not Neill's meat."

Appellant sought to have the trial court charge the jury on the law of circumstantial evidence, and complains of the refusal of his requested charge thereon.

There being an absence of direct testimony to prove that the sample which the state's chemist found to contain horse meat came from appellant's market, the state was relegated to proof of such fact to circumstantial evidence.

The requested charge should have been given.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the cause remanded.

Opinion approved by the court.